The contract provided for payment to defendants on a basis of time consumed and material furnished and contained a clause giving plaintiff the right to stop the work at any time. Present — Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ. [See *post*, p. 1009.]

RAYMOND A. COAKLEY, as Committee of the Person and Estate of Grace E. Coakley, an Incompetent Person, Appellant, v. MARGARET M. CLOSE et al., Respondents.—

No opinion. Nolan, P. J., Carswell, Wenzel, MacCrate and Schmidt, JJ., concur.

F. G. DAVIDSON, Respondent, v. SAIA STERNGASS, Appellant, and FRANK PERSICHETTI et al., Respondents.—

In our opinion the pleadings and affidavits submitted were insufficient to establish that the trial of this action will require the examination of a long account, within the meaning of the statute. (Cf. *Cassidy* v. *McFarland*, 139 N. Y. 201; *Hemmerich* v. *City of Geneva*, 251 App. Div. 105; *Dauch* v. *Great Neck Holding Corp.*, 213 App. Div. 881; *Mugler* v. *Castleton Hotel & Realty Co.*, 168 App. Div. 492.) A compulsory reference will not be ordered upon a showing of a mere possibility that a long account will be involved and that the several items thereof will become centers of independent controversy. There must be a probability, when the courses and tendencies of the trial are charted in advance, that such will be the development. (*Brooklyn Public Library* v. *City of New York*, 240 N. Y. 465.) Although this court has heretofore held that orders of reference are not appealable, we have re-examined the question and have determined that appeals from such orders should be entertained, if they refer the entire issue, or any of the issues, to a referee for a final determination. *Drivas* v. *Lekas* (265 App. Div. 818) and *Matter of Lennox* v. *Brady* (279 App. Div. 663), insofar as they announce a contrary rule, are overruled. Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

DASPIN D. GONEDES, Respondent, v. THOMAS GONEDES, Appellant. (Appeal No. 1.) —

No opinion.  Nolan, P. J., Carswell, Wenzel, MacCrate and Schmidt, JJ., concur.

DASPIN D. GONEDES, Respondent, v. THOMAS GONEDES, Appellant. (Appeal No. 2.)

No opinion.  Nolan, P. J., Carswell, Wenzel, MacCrate and Schmidt, JJ., concur.

In the Matter of HAROLD M. LEEDS, Appellant, against WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Respondents.

Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

In the Matter of LEO OVERLAND, Respondent, against LE ROY FOODS, INC., et al., Appellants.—

Respondent was removed as a director of appellant corporation prior to the making of the order under review, albeit after the institution of this proceeding.  Upon being relieved of his duty to participate in the direction of the corporation's affairs, he no longer had the status which would entitle him absolutely to the examination.  (Cf. *Matter of Bellman* v. *Standard Match Co.*, 208 App. Div. 4.)  Nolan, P. J., Carswell, Wenzel, MacCrate and Schmidt, JJ., concur.

In the Matter of the Estate of JULIA R. SMALL, Deceased.  JAMES GIBB, as Executor of JULIA R. SMALL, Deceased, et al., Appellants; B. OTTO JACOBSEN, as Ancillary Executor of JULIA R. SMALL, Deceased, Respondent.—

The charges presented, to which no answer has